UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLE M. GILL,

      Plaintiff,

v.                                              Case No:   2:15-cv-319-FtM-38CM

BANK OF AMERICA
CORPORATION,

      Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss Counts II & III of Plaintiff's Complaint (Doc. #7) filed on June 22, 2015.  Plaintiff Nichole M. Gill filed an untimely response in opposition to Defendant's Motion (Doc. #11) on July 13, 2015.[2]  Thus, the motion is ripe for review.

## BACKGROUND

This case arises from Plaintiff's former employment as a part-time teller at Defendant's bank branch on Sanibel Island, Florida ("Sanibel Island Branch").  (Doc. #1

---

[1]Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Plaintiff's Response Opposing Defendant Bank of America Corporation's Motion to Dismiss Counts II & III of the Complaint is untimely.  See M.D. Fla. Local R. 3.01(b) ("Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request[.]").  Although the Court will consider the response, it will not afford Plaintiff such leniency in the future.  Plaintiff must strictly comply with the Middle District of Florida Local Rules and the Federal Rules of Civil Procedure, and failure to follow such rules in the future may result in the Court striking the non-compliant filing from the record.

at ¶ 12).  She worked there from June 24, 2013, to March 17, 2014.  (*Id.*).  Plaintiff is an African-American female, and the only individual of her race to work at the Sanibel Island Branch.  (*Id.* at ¶¶ 7, 15).

The first three months of Plaintiff's employment was uneventful.  That changed on September 9, 2013, when Plaintiff's then-direct supervisor, Alyssa Ballard, allegedly said, "'once you go black, you never go back,'" in front of the branch's entire team.  (*Id.* at ¶¶ 16, 20).  A coworker later allegedly remarked to Plaintiff how Ballard's comment was "funny."  (*Id.* at ¶ 20).

Finding the comment offensive, Plaintiff filed an internal complaint with Defendant's "Advice and Counsel" department.  (*Id.* at ¶ 21).  The next day, Ballard responded by allegedly "slamming doors, yelling and refusing to acknowledge [Plaintiff] by name."  (*Id.* at ¶¶ 22-23).  In the wake of Plaintiff's complaint, Ballard also "occasionally" denied her lunch breaks, changed her schedule to conflict with her other part-time job, and excluded her from team meetings.  (Doc. #1 at ¶ 23).  In addition, at an unspecified time in 2013, Ballard "created a black cut out of a human figure and placed [Plaintiff's] name in close proximity to the cut out.  [Ballard] thought that the cut out was hysterical and proceeded to force [Plaintiff] to pose next to the board so she could take a picture."  (*Id.* at ¶ 24).

In the fall of 2013, Plaintiff allegedly tried to contact Advice and Counsel for guidance on handling Ballard's behavior.  (*Id.* at ¶¶ 25, 27, 29).  Plaintiff appears to have been unsuccessful in such endeavors.  Then, in the "[w]inter season," Patty Petrick, a market leader with regional responsibilities, visited the Sanibel branch.  According to Plaintiff, Petrick "slam[med] her hand down forcibly in a public manor [sic] attempting to

humiliate and coerce [Plaintiff] into stopping from bringing forth instances of Ms. Ballard's discriminatory behavior." (*Id.* at ¶ 18, 28).

Sometime in early 2014, Ballard was removed as Plaintiff's direct supervisor, but she remained a teller at the Sanibel Island Branch. (*Id.* at ¶ 30). Despite this reassignment, Ballard's alleged hostility towards Plaintiff worsened. (Doc. #1 at ¶ 31). Plaintiff then resigned in March 2014. (*Id.* at ¶ 32).

Before resigning, however, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on February 5, 2014 ("EEOC Charge"). (Doc. #1-1). She asserted race discrimination and retaliation because of Ballard's alleged, "once you go black, you never go back" comment. (*Id.*). Pertinent here, Plaintiff only checked the boxes for "race" discrimination and "retaliation" on the form, leaving the boxes for "age" and "color" discrimination blank. (*Id.*). The EEOC terminated processing Plaintiff's complaint without any findings due to time constraints, and then sent a Notice of Right to Sue letter on March 31, 2015. (Doc. #1-2).

Armed with the EEOC's letter, Plaintiff initiated this four-count action against Defendant under Title VII of the Civil Rights Act of 1964 ("Title VI") and the Age Discrimination in Employment Act of 1967 ("ADEA"). (Doc. #1). Plaintiff asserts race discrimination (Count One), age discrimination (Count Two), color discrimination (Count Three), and retaliation (Count Four). In response, Defendant has moved to dismiss the age and color discrimination claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff failed to allege those claims in her EEOC complaint, and thus she failed to exhaust her administrative remedies. (Doc. #7 at 2; Doc. #7-1).

**STANDARD OF REVIEW**

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). In addition, to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Edwards v. Prime Inc.,* 602 F.3d 1276, 1291 (11th Cir. 2010). Like its counterpart above, Rule 12(b)(6) requires more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the district court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). But "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain,* 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Factual allegations that are merely consistent with a defendant's liability [also] fall short of being facially plausible." *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). In short, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

**DISCUSSION**

**A.  Failure to Exhaust Administrative Remedies**

Before filing a Title VII or ADEA action in federal court, a plaintiff must file a charge of discrimination with the EEOC.  See *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004).  The purpose of this exhaustion requirement is so the EEOC has first opportunity to investigate alleged discrimination and, if appropriate, negotiate a resolution with the employer.  See *id.*  Subsequent "judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint." *Id.* (citation omitted).  However, "allegations of new acts of discrimination are inappropriate" for a post-charge judicial complaint.  *Id.* at 1279-80 (citation omitted).

From the rules above, courts "have held that a 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'"  *Id.* at 1280 (citations omitted).  Nevertheless, courts remain "'extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII,]'" and do not strictly interpret the scope of an EEOC charge.  *Id.* (citation omitted).

Here, Plaintiff did not assert age and color discrimination in her EEOC Charge. (Doc. #1-1).  The question before the Court, therefore, is whether the age and color discrimination claims in the Complaint are like, relate to, or grow out of, the race discrimination allegation contained in the EEOC Charge.  The Court will assess Plaintiff's age discrimination and color discrimination claims separately, based on the foregoing principles.

1.  <u>Age Discrimination (Count Two)</u>

In Count Two of the Complaint, Plaintiff alleges her "age was a motivating factor in the decision to mistreat [her] in the course of her employment and to disparage, malign, and harass and the force of her resignation[.]" (Doc. #1 at ¶ 39). When Plaintiff resigned, she was forty-three (43) years old. (*Id.* at ¶ 5). As stated, Defendant moves to dismiss this claim because she made no such allegation of age discrimination in her EEOC Charge. (Doc. #7-1 at 3-4).

After reviewing the EEOC Charge and Complaint in a light most favorable to Plaintiff, the Court finds the age discrimination claim exceeds the scope of the EEOC charge. Plaintiff neither checked the box for "age" discrimination nor asserted being targeted because of her age in the "particulars" section of the Charge. (Doc. #1-1). Moreover, the EEOC Charge focused exclusively on race-based discrimination arising from Ballard's single alleged comment, "once you go black, you never go back." (*Id.*). Under these circumstances, Plaintiff's age discrimination claim is not the type that would be expected to reasonably grow out of a charge of race discrimination and retaliation.

The Eleventh Circuit has repeatedly rejected assertions by plaintiffs who seek to add unrelated discrimination claims in federal court after filing an administrative charge on a different basis. See *Enwonwu v. FultonDekalb Hosp. Auth.,* 286 F. App'x 586, 600 (11th Cir. 2008) (barring plaintiff's Title VII charges for race and national origin discrimination because they "could not 'reasonably be expected to grow out of the EEOC disability charge."). Plaintiff is no exception. Other than meeting the age threshold for ADEA protection at the time of her resignation, there is no factual allegation in the EEOC

Charge or Complaint to support an age discrimination claim. For these reasons, the Court will dismiss Count II for failure to exhaust administrative remedies.

    2. <u>Color Discrimination (Count Three)</u>

In Count Three of the Complaint, Plaintiff alleges her color (black) "was a motivating factor in the decision to mistreat [her] in the course of her employment and to disparage, malign, and harass and the force of her resignation[.]" (Doc. #1 at ¶¶ 6, 39). Defendant again argues that the Court should dismiss the color discrimination claim for failure to exhaust administrative remedies. (Doc. #7-1 at 5-8).

Title VII prohibits employment discrimination based on race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Pertinent here, the statute separately lists "color" as a protected category. See *Walker v. Sec'y of Treasurer, IRS,* 713 F. Supp. 403, 406 (N.D. Ga. 1989) ("This court is left with no choice but to conclude, when Congress and the Supreme Court refer to race and color in the same phrase, that 'race' is to mean 'race,' and 'color' is to mean 'color.'"). Although Title VII does not define "race" and "color," interpretive guidance by the EEOC makes clear that the two terms are not synonymous. See EEOC Compliance Manual, Section 15-III, at 950-51 (Apr. 19, 2006). The EEOC explains:

> [t]he courts and the Commission read "color" to have its commonly understood meaning – pigmentation, the complexion, or skin shade or tone. Thus, color discrimination occurs when a person is discriminated against based on the lightness, darkness, or other color characteristic of the person. Even though race and color clearly overlap, they are not synonymous. Thus, color discrimination can occur between persons of different races or ethnicities, or between persons of the same race or ethnicity.

*Id.*

As stated, Plaintiff only checked the boxes for "race" and "retaliation" on the EEOC Charge form, and left the box for "color" blank. (Doc. #1-1). When explaining the particulars underlying the Charge, Plaintiff further explained she was the only black employee at the Sanibel Island Branch and was discriminated and retaliated against because of her "race/Black." (*Id.*). Other than describing herself as "Black," Plaintiff made no mention anywhere in the EEOC Charge of discrimination based on color.

Courts looking at the issue have generally held, "color discrimination is distinct from race discrimination in that the former 'arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as the case where a dark colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" *Bryant v. Bell Atl. Md. Inc.,* 288 F.3d 124, 133 n.5 (4th Cir. 2002); *see also Napier v. Am. Fed'n of Gov't Employees,* No. 8:13-cv-1577-T-17TBM, 2014 WL 4463246, at *4-5 (M.D. Fla. Sept. 10, 2014) (finding the plaintiff did not properly exhaust his administrative remedies as to color-based discrimination where he did not check the box for color-based discrimination in his EEOC charges and framed his issue as a "black" or "white" matter); *Hunter v. Tex. Energy Servs. LP,* No. 2:14-CV-142, 2014 U.S. Dist. LEXIS 150457, at *6-9 (S.D. Tex. Oct. 23, 2014) (finding plaintiff's claims of color and national origin discrimination to be unexhausted where he did not raise them in his EEOC charge for race discrimination); *Atkins v. Denso Mfr. Tenn., Inc.,* No. 3:09-cv-520, 2011 WL 5023392, at *9-10 (E.D. Tenn. Oct. 20, 2011) (finding plaintiff failed to state a claim of color discrimination where he did not claim discrimination because of the hue of his skin); *Cooper v. Jackson-Madison Cty. Gen. Hosp. Dist.,* 742 F. Supp. 2d 941, 950-51 (W.D. Tenn. 2010) ("The thrust of [p]laintiff's allegations is that he was discriminated against by

an African-American director because of his Caucasian race. His allegations do not suggest that he was discriminated against because he was, for example, a fair-skinned Caucasian."). Here, the EEOC Charge is devoid of allegations based on the pigmentation, complexion, hue, shade, or tone of Plaintiff's skin. (Doc. #1-1). Although Plaintiff identifies herself as "black," she frames the issue on which she complains to be of race, and not skin tone. See *Richardson v. HRHH Gaming Senior Mezz, LLC,* No. 2:13-cv-1913, 2015 U.S. Dist. LEXIS 49601, at *10-12 (D. Nev. Apr. 14, 2015) (dismissing the plaintiff's color discrimination charge because his EEOC charge was devoid of allegations of discrimination based on his skin tone and the grounds for his EEOC charge was race based). Because Plaintiff's EEOC charge contains no allegations that would have allowed the EEOC to infer and investigate a claim of color discrimination, Count III is not reasonably related to her EEOC charge. Plaintiff first raises color-based discrimination in the Complaint, and "[m]erely alleging racial discrimination is insufficient to raise a claim of color discrimination." *Atkins*, 2011 WL 5023392, at *10.

In an attempt to avoid the conclusion above, Plaintiff claims in her response that only weeks after she filed the EEOC Charge on February 5, 2014, Ballard discriminated against her based on her skin color. (Doc. #11 at 2). The alleged incident supporting this claim is when Ballard "created a black cut out of a human figure and placed [Plaintiff's] name in close proximity to the cut out[,]" and she "force[d Plaintiff] to pose next to the board so she could take a picture." (Doc. #1 at ¶ 24; Doc. #11 at 2). The Court is unpersuaded. In the Complaint, Plaintiff alleges that this incident occurred during a meeting in "2013," which is before she filed the EEOC Charge. (Doc. #1 at ¶ 24). Now,

9

when convenient to save this claim, she instead alleges it occurred sometime between February 2014 and March 2014. (Doc. #11 at 2).

In short, Plaintiff's color-based discrimination claim does not fall within the scope of her EEOC charge. Since she failed to exhaust her color discrimination claim at the administrative level, the Court will dismiss Count Three.

**B. Motion to Amend**

Rather than grant Defendant's Motion to Dismiss, Plaintiff alternatively requests that the Court grant her leave to amend the Complaint as to the color discrimination claim.[3] (Doc. #11 at 3). Since the time has expired for Plaintiff to amend the Complaint as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), she may amend the Complaint with the Court's leave, *see* Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Rule 15(a), however, limits the court's discretion by mandating that 'leave shall be freely given when justice so requires.'" *Laurie v. Ala. Court of Criminal Appeals,* 256 F.3d 1266, 1274 (11th Cir. 2001) (*per curiam*) (citation omitted). "There must be a substantial reason to deny a motion to amend." *Id.* "A district court need not … allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (*per curiam*) (citation omitted).

---

[3] Plaintiff acknowledges that the administrative prerequisites for her age discrimination claim (Count II) were not met within the applicable statute of limitations, and thus she does not seek leave to amend as to that claim. (Doc. #11 at 1).

As set forth above, Plaintiff's color discrimination claim does not fall with the scope of the EEOC Charge. This means she has to amend the EEOC Charge or file another charge of discrimination to assert color discrimination. However, either option is foreclosed to Plaintiff because the time to amend or file another charge has lapsed. In a deferral state such as Florida, the plaintiff must file a charge of discrimination with the EEOC within 300 days after "the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see also EEOC v. Joe's Stone Crabs, Inc.,* 296 F.3d 1265, 1271 (11th Cir. 2002). Thus, the plaintiff has to file a charge of discrimination within 300 days of "the date of the [discriminatory] act or lose the ability to recover for it." *AMTRAK v. Morgan,* 536 U.S. 101, 110 (2002). Here, Plaintiff resigned in March 2014; therefore, she cannot timely file any further charge of discrimination with the EEOC or Florida Commission on Human Rights. As a result, the Court finds that amending the Complaint would be futile. *See Vanderberg v. Donaldson,* 259 F.3d 1321, 1326-27 (11th Cir. 2001) (stating a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss.").

Accordingly, it is now

**ORDERED:**

(1) Defendant Bank of America, N.A.'s Motion to Dismiss Counts II & III of Plaintiff's Complaint (Doc. #7) is **GRANTED**.

(2) Plaintiff Nichole M. Gill is **DIRECTED** to file an Amended Complaint on or before **July 21, 2015**, that is consistent with this Order, i.e., only setting forth the Title VII claims for race discrimination and retaliation. Defendant Bank of America, N.A. shall then have fourteen (14) days to respond.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record